IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-39-FL

| | |
|---|---|
| SUSAN G. MORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert B. Jones (DE # 26), regarding the parties' cross-motions for judgment on the pleadings (DE ## 18, 24).[1] In the M&R, the magistrate judge recommends denying plaintiff's motion, granting defendant's motion, and upholding the final decision of the Commissioner of Social Security. Plaintiff timely filed objections to the M&R (DE # 27). Defendant has not responded, and the time to do so has expired. Therefore, the issues raised are ripe for ruling. For the reasons set forth below, the court ADOPTS the M&R, and grants defendant's motion for judgment on the pleadings.

STATEMENT OF THE CASE

On January 23, 2004, plaintiff filed an application for disability insurance benefits, alleging

---

[1] Although plaintiff's motion is titled a motion for summary judgment, it plainly is a motion for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Such motion was specifically identified, in court order dated May 18, 2007, as the proper vehicle in which the parties should proceed to present the issues in dispute for court decision.

that she became unable to work July 26, 2003, due to sleep apnea, lung disease, high blood pressure, depression and short-term bladder control. Plaintiff's application for benefits was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and such hearing took place November 22, 2005. On March 10, 2006, the ALJ issued a ruling that plaintiff was not disabled as defined by the Social Security Act during the relevant time period. The Appeals Council denied plaintiff's request for review on November 24, 2006, rendering the ALJ's decision a "final decision" for purposes of judicial review.

Plaintiff timely commenced this action pursuant to 42 U.S.C. § 405(g). In an M&R filed December 4, 2007, the magistrate judge recommends that plaintiff's motion for judgment on the pleadings be denied, and that defendant's motion for judgment on the pleadings be granted.

## STANDARD OF REVIEW

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). Judicial review of administrative decision-making does not end there, because "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and

2

whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The court must not weigh the evidence, however, as it lacks the authority to substitute its judgment for that of the Commissioner. See Id. at 1456. Thus, in determining whether the Commissioner's decision was supported by substantial evidence, the court simply decides whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained the findings and rationale which drove the decision. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

DISCUSSION

Plaintiff specifically objects to the magistrate judge's consideration of her sarcoidosis, and emphasis on plaintiff's failure to seek prescribed mental health treatment. Plaintiff argues that the sarcoidosis is neither mentioned as a source of pain, nor considered in plaintiff's credibility determination, and that the ALJ and the magistrate judge gave too much evidentiary weight to plaintiff's failure to seek mental health treatment. (Obj. pp. 1, 4).

The ALJ specifically addressed plaintiff's sarcoidosis, stating that "she has had no significant exacerbation of symptoms since at least October 2003 at which time she responded well to medical

3

Case 4:07-cv-00039-FL Document 29 Filed 04/23/08 Page 3 of 7

therapy and her condition has remained stable." (Tr. p. 25). The ALJ further explained that the manifestation of the sarcoidosis in plaintiff's lungs had led examining physicians to repeatedly advise plaintiff to eliminate her excessive cigarette smoking, but that plaintiff had "made no effort to stop smoking or even to reduce her daily consumption of nicotine." (Id. at 25-26).

Plaintiff cites to the opinion of Christopher S. Delaney, M.D. ("Dr. Delaney"), who believed that some of plaintiff's complaints could be attributed to the sarcoidosis. (Id. at 369). However, Dr. Delaney specifically stated that sarcoidosis is better managed by the patient's primary care physician, and stressed that "the first and most critical step in restoring [plaintiff's] health is for her to become engaged in appropriate wellness behavior by discontinuing smoking, losing weight, and increasing her activity." (Id.) A recommendation that plaintiff's health would be improved by increased activity, a sentiment shared by numerous other healthcare providers, generally undermines plaintiff's claim that she is unable to work, while also suggesting that the sarcoidosis has not rendered plaintiff disabled. (See Id. at 186, 246, 310, 313, 351, 362-63, 369, 380). Further, the opinion of plaintiff's treating physician, Robert A. Dietrich, M.D., which is entitled to controlling evidentiary weight, is that the sarcoidosis was under therapy and improved, and therefore there was "no justification for long-term disability." (Id. at 217). See Craig, 76 F.3d at 590 (holding that treating source medical opinions are entitled to controlling weight where they are well-supported and not contrary to *substantial* evidence in the record) (emphasis added).

It is undisputed that plaintiff is afflicted with sarcoidosis. The disagreement lies in plaintiff's assertion that the sarcoidosis is responsible for symptoms and ailments which were improperly considered by the ALJ in assessing plaintiff's credibility and sources of pain. The ALJ, however, upon careful review and consideration of the evidence before him, determined that the sarcoidosis

4

was not a significant factor with respect to plaintiff's potential disability, and the ALJ explained his reasons for this finding. Weighing the record before him, including the sarcoidosis, the ALJ also made a credibility determination which incorporated plaintiff's statements regarding her pain. The ALJ is required to consider all relevant evidence, and the court finds no reason to believe that the ALJ failed to properly considered plaintiff's sarcoidosis in all necessary respects. Akers, 131 F.3d at 439-40. Further, the ALJ's determinations and findings with regard to plaintiff's sarcoidosis were sufficient to permit the court to undertake an informed review, and such review has revealed that sufficient evidence exists to support these determination and findings.

Plaintiff also asserts that improper emphasis was placed on her failure to pursue mental health treatment despite being advised to do so by multiple medical professionals. As plaintiff concedes, J. Michael Bramble, MA, a clinical psychologist, found that plaintiff's perceived physical problems were likely amplified by her mental condition: "it is likely that [plaintiff] would respond to stress by focusing on medical/physical difficulties to the degree that symptom magnification is possible." (Tr. p. 259). In addressing her failure to seek mental treatment, plaintiff argues that nothing in the record supports the contention that plaintiff's mental health would be improved by psychotherapy or other psychological treatment. (Obj. p. 5). However, as the magistrate judge indicated, the record contains recommendations from three separate medical professionals that plaintiff seek mental health treatment. (Tr. pp. 246, 260, 263). As plaintiff concedes, she has failed to pursue such treatment based upon her belief that mental health treatment would not positively impact her physical condition. (Obj. p. 5). Plaintiff seems to argue that the lack of health treatment should be viewed as evidence that plaintiff would not be helped by such treatment (Id. at 5-6), but such an argument directly contravenes statutory and Fourth Circuit law, and therefore cannot prevail.

Where an individual, without good reason, fails to follow a prescribed course of treatment which could restore that individual's ability to work, the individual will be deemed not disabled. 20 C.F.R. §§ 404.1530(a)(b), 416.930(a)(b); Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Five examples of "good reason" for failure to pursue prescribed treatment are provided in § 404.1530(c), and mere skepticism of a treatment's likelihood of success is not listed among them. The record demonstrates that plaintiff's failure to seek mental health is not an anomaly, but rather another manifestation of plaintiff's general refusal to personally take the necessary steps to improve her overall health. As previously addressed by the court, plaintiff also has demonstrated an unwillingness to reduce, let alone eliminate, her tobacco consumption despite a pulmonary ailment, and has declined to increase her physical activity or exercise despite repeated assertions that such life changes could significantly improve her health. Thus, the court finds that the ALJ properly addressed and considered the issue of plaintiff's failure to seek recommended mental health treatment, and that substantial evidence exists to support the ALJ's findings and conclusions with regard to this issue.

The court has carefully considered the findings of the ALJ, as well as the M&R filed by the magistrate judge, and finds that the ALJ properly applied the relevant standards and law, and that the ALJ's factual findings were supported by substantial evidence. Accordingly, the court adopts the magistrate judge's recommendation that defendant's motion for judgment on the pleadings be granted.

## CONCLUSION

For the reasons stated herein, plaintiff's motion for judgment on the pleadings (DE # 18) is DENIED, defendant's motion for judgment on the pleadings (DE # 24) is ALLOWED, and the final decision of the Commissioner is UPHELD.

SO ORDERED, this the 23 day of April, 2008.

_____
LOUISE W. FLANAGAN
Chief United States District Judge